EASTERBROOK, Circuit Judge,
concurring.
The mayor and legislature of a city in Wisconsin proposed to discharge two members of the police department, which *830 was experiencing internal discord. Under state law, the power to discharge rests with the Police and Fire Commission. So the elected officials put their case to the Commission, which took evidence, deliberated, and concluded that Detective Kevin Swetlik should keep his job, but that Perry Kingsbury, the Chief of Police, should be sacked. You might expect a suit by Kings-bury, demanding his job back and his name cleared. Instead we have a suit by Swetlik, who contends that even proposing to fire him is actionable under 42 U.S.C. § 1983 as an infringement of his freedom of speech.
Today the court holds that the filing of charges was justified. Because we rule against Swetlik on this ground, with which I agree, the court does not consider other subjects — including the fact that elected officials have a constitutional right to speak and petition. Swetlik relies on cases holding that public officials cannot fire or discipline employees on the basis of protected speech. But defendants did not fire Swetlik; they made a proposal to the Commission. In other words, defendants engaged in speech rather than action. Elected officials often express opinions about who should work for the polity. Views about how best to run the government are not confined to editorial writers or politicians seeking office; those already in office also have opinions and may have extra knowledge on which to base them. And if each elected official has a right to express an opinion, then defendants no less than Swetlik are protected by the first amendment from penalties for their speech.
The court mentions this possibility at page 825 note 2 but leaves the matter for decision another day. Seems to me that the answer is" straightforward. First, elected officials (defendants, for example) have the same first amendment rights as appointed ones (Swetlik, for example). Second, everyone has the right to petition for redress of grievances — and that’s what defendants did, petitioning the Commission to remove employees who in defendants’ view were harming the public weal. Third, under the Noerr-Pennington doctrine petitions to public bodies cannot be penalized unless they are frivolous. See BE & K Construction Co. v. NLRB, 536 U.S. 516, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002) (recapitulating the Noerr-Penning-ton doctrine).
We held in New West, LP v. Joliet, 491 F.3d 717, 721-22 (7th Cir.2007), that the Noerr-Pennington doctrine applies to speech, proposals, and petitions by elected officials. Other circuits agree. See Miracle Mile Associates v. Rochester, 617 F.2d 18 (2d Cir.1980); Mariana v. Fisher, 338 F.3d 189 (3d Cir.2003); Manistee Town Center v. Glendale, 227 F.3d 1090 (9th Cir.2000). A solitary decision, Video International Production, Inc. v. Warner-Amex Cable Communications, Inc., 858 F.2d 1075 (5th Cir.1988), is to the contrary. Yet the only reason given in Video International — that “it is impossible for the government to petition itself within the meaning of the first amendment”, id. at 1086 — not only wrongly supposes that “the government” is a unitary entity (Swetlik’s situation and Virginia Office for Protection & Advocacy v. Stewart, — U.S. -, 131 S.Ct. 1632, 179 L.Ed.2d 675 (2011), show that it isn’t), but also overlooks the fact that defendants in suits of this kind are real people in their personal capacities, not “the government”.
The Noerr-Pennington doctrine establishes that Swetlik cannot collect damages under § 1983 for defendants’ proposal to fire him. Even if the charges defendants made against Swetlik were false and libelous, that would not matter, because Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), holds that defamation *831 that does not make a person unemployable does not violate the Constitution.
Otherwise we would open a new era in which litigants who prevail before state courts or administrative agencies could turn around and demand damages in federal court. If fee-shifting is to occur at all, this should be done in the original state proceeding, not in a separate federal suit. Under the American Rule, litigants must bear their own legal expenses in the absence of a statute requiring losers to pay. Swetlik does not contend that Illinois law entitles him to compensation for the costs incurred in defeating defendants’ proposal; he didn’t even seek such an award in the state proceeding. Maybe he was represented by a union and did not incur any legal expenses. Yet he sees in the first amendment an entitlement to collect from his adversary via a second, federal proceeding. It just isn’t there.